ANTONIO GRILLASCA DOMENECH, demandante y recurrente, *v.* COMISIÓN ESTATAL DE ELECCIONES, su PRESIDENTE MARCOS RODRÍGUEZ ESTRADA y su SECRETARIO NÉSTOR COLÓN, demandados y recurridos.

*Número:* RE-86-244          *Resuelto:* 8 de junio de 1988

*Julia M. Santiago De la Cruz*, abogada de los recurridos; *Nora Vargas Acosta* y *William Ramírez Hernández*, abogados del recurrente.

## RESOLUCIÓN

Al considerar que la revisión se da contra la sentencia y no contra sus fundamentos, a la expedición del auto solicitado, no ha lugar.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado señor Negrón García emitió voto disidente. El Juez Asociado Señor Rebollo López expediría. El Juez Presidente Señor Pons Núñez y la Juez Asociada Señora Naveira de Rodón no intervinieron.

(*Fdo.*) Bruno Cortés Trigo
*Secretario General*

—O—

Voto disidente del Juez Asociado Señor Negrón García.

I

Antonio Grillasca Domenech cuestiona la corrección de la Sentencia de 1ro de junio de 1988, del Tribunal Superior,

Sala de San Juan (Hon. Eduardo Álvarez De la Vega, Juez), que declaró sin lugar su solicitud de revisión a una negativa de la Comisión Estatal de Elecciones a prorrogar el término para presentar las peticiones de endoso en su aspiración como candidato al cargo de Alcalde del Municipio de Caguas por el Partido Popular Democrático (P.P.D.) en las primarias del domingo 12 de junio.

Con prioridad acogeríamos el recurso, expediríamos y revocaríamos.

## II

Los antecedentes procesales-fácticos pertinentes están plasmados en nuestro disenso de 29 de abril de 1988. Los mismos reflejan cómo las actuaciones y omisiones del Secretario General del P.P.D., su Junta y la burocracia de la Comisión Estatal de Elecciones han frustrado irremediablemente los reclamos legítimos de Grillasca Domenech.

A los mismos ahora se une el fundamento erróneo del ilustrado foro de instancia. Éste aplica el término de veinticuatro (24) horas para revisar a la Comisión Estatal de Elecciones ante dicho foro —previsto en el Art. 1.016 de la Ley Electoral de Puerto Rico, 16 L.P.R.A. sec. 3016a— una cronología injusta. ¿Cómo puede computarse el término desde que la Comisión Estatal de Elecciones notifica y no desde que la persona es real y efectivamente notificada? No puede exigírsele ni atribuírsele demora a quien no conoce una decisión. La notificación real es principio constitucional del debido proceso de ley que discurre a través de todas las disposiciones del estatuto electoral. Ante la brevedad del término, lo apropiado es una notificación personal y será el verdadero punto de partida.

A tiempo debimos corregir este error adicional. Como señala Sagüés: "[l]a 'legitimidad' de un sistema provoca, en primer lugar, la obligación moral de respetarlo. De ahí la importancia de la legitimidad como factor justificante de la obe-

diencia." N.P. Sagüés, *Régimen Electoral y Legitimidad Política*, 1983-C Rev. Jur. Arg. La Ley 781, 782 n. 4 (1983).